```
 1
 2
 3
 4
 5
 6
 7
 8                     UNITED STATES DISTRICT COURT
 9                    EASTERN DISTRICT OF CALIFORNIA
10                             ----oo0oo----
11
12   EMMA JACKSON,                        No. 2:20-cv-02347 WBS AC
13              Plaintiff,
14        v.                              ORDER RE: UNITED STATES OF
                                          AMERICA'S MOTION TO DISMISS
15   UNITED STATES OF AMERICA; DAVID
     SMITH,
16
                Defendants.
17
18                             ----oo0oo----
19        Plaintiff Emma Jackson brought this action against
20   defendants United States of America and David Smith, claiming
21   that defendants' conduct constituted intentional infliction of
22   emotional distress, negligent infliction of emotional distress,
23   intrusion into private affairs, public disclosure of private
24   facts, and professional negligence under California common law,
25   as well as a violation of the Unruh Act, Cal. Civ. Code §§ 51,
26   52.  (See Compl. (Docket No. 1).)  The United States now moves to
27   dismiss plaintiff's claims in their entirety as against it.  (See
28
                                     1
```

Mot. to Dismiss (Docket No. 13-1).)

Plaintiff was a patient of Wellspace Health ("Wellspace"), a California non-profit which plaintiff alleges "operates as a federally funded clinic." (Compl. ¶¶ 2, 9.) Plaintiff's physician at Wellspace was Dr. Troy Singh. (Id.) Plaintiff alleges that without her permission Dr. Singh shared her phone number (to which he had access by virtue of his role as her health care provider at Wellspace) and her relationship status with David Smith, and that Smith subsequently sent her an unwanted text of a sexual nature. (Compl. Ex. 1. ("FTCA Claim).)

After submitting a claim to the United States Department of Health and Human Services, see (FTCA Claim); 28 U.S.C. § 2675(a), plaintiff initiated this action against the United States and Smith in this court. (Docket No. 1.) Plaintiff's suit names the United States--but not Dr. Singh or Wellspace--as a defendant because, under the Emergency Health Personnel Act of 1970, 42 U.S.C. § 233(a), Public Health Services ("PHS") officers and employees are immune from suit "for actions arising out of the performance of medical or related functions within the scope of their employment." Hui v. Castaneda, 559 U.S. 799, 806 (2010). Section 233(a) ensures that, where a plaintiff has a tort claim against the United States under the Federal Tort Claims Act ("FTCA"), and the actions of a PHS officer or employee which "aris[e] out of the performance of medical or related functions" and which are "within the scope of their employment" form the basis of the claim, the plaintiff has a remedy only against the United States. Id.

While plaintiff does not allege that either Dr. Singh,

or Wellspace are PHS employees, 1992 amendments to § 233 provide that certain federally-funded entities and their employees may be "deemed" employees of PHS for purposes of § 233(a) immunity. See 42 U.S.C. § 233(g)(1)(A); Lowery v. Reinhardt, No. Civ. S-07-0880 RRB DAD, 2008 WL 550083, *5 (E.D. Cal. Feb. 27, 2008); Metcalf v. West Suburban Hosp., 912 F. Supp. 382, 384 (N.D. Ill. 1996).

No party disputes that Dr. Singh and Wellspace are properly "deemed" PHS employees for the purposes of § 233(a). Further, the parties agree that, to state a claim against the United States under § 233(a), plaintiff must plausibly allege that (1) plaintiff's claimed injuries resulted from Dr. Singh's performance of "medical, surgical, dental, or related functions"; and (2) Dr. Singh's conduct was within the scope of his employment. See 42 U.S.C. §§ 233(a), (g)(1)(A); Castaneda, 559 U.S. at 806; Lowery, 2008 WL 550083, at *5.

At oral argument, plaintiff's counsel conceded that Dr. Singh's conduct, as alleged in the complaint, did not constitute "medical, surgical, dental, or related functions" under § 233(a). The court recognizes that the issue of whether Dr. Singh's alleged conduct constituted "medical, surgical, dental, or related functions" under § 233(a) is entirely separate and distinct from the question of whether his conduct was within the scope of his employment at Wellspace. Because plaintiff has conceded the first issue, however, the court concludes that plaintiff has failed to allege facts which satisfy 42 U.S.C. § 233(a) without making any finding as to the second issue. See Castaneda, 559 U.S. at 806; Lowery, 2008 WL 550083, at *5.

Because Dr. Singh's alleged conduct does not fall

within the ambit of § 233(a), plaintiff's claims against the United States are not based upon a valid waiver of sovereign immunity, and the court does not have subject matter jurisdiction to hear them. See Federal Deposit Ins. Co. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.")

IT IS THEREFORE ORDERED that defendant United States' motion to dismiss (Docket No. 13) be, and the same hereby is, GRANTED.

Dated: June 30, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE